IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00212-PAB-KLM

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

v.

PRIMELENDING, a PlainsCapital Company,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the motion to transfer venue ("Def.'s Mot.") [Docket No. 12] of defendant PrimeLending ("PrimeLending"). The motion is fully briefed and ripe for disposition.

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") filed its complaint on February 3, 2009, alleging that PrimeLending breached agreements relating to the sale of mortgage loans in the secondary market to LBHI. LBHI is a citizen of Delaware and New York, while PrimeLending is a citizen of Texas and maintains an office in Colorado. The Court's jurisdiction is based on diversity of citizenship. The agreements at issue are governed by New York law.

**I. STANDARD OF REVIEW**

PrimeLending seeks transfer of venue pursuant to section 1404(a) of Title 28 of the United States Code, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where it might have been brought." PrimeLending, as the party seeking transfer of this action pursuant to 28 U.S.C. § 1404(a), "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

The parties do not dispute that the case "might have been brought" in the Northern District of Texas, the proposed transferee district. Therefore, the Court turns to the following factors in determining whether transfer is warranted here:

> "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical."

*Id.* at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).[1] "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Id*. Furthermore, "[m]erely shifting the inconvenience from one side to the other ... is not a permissible justification for a change of venue." *Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir.1992).

---

[1] There is no mandatory forum selection clause to consider in this case.

## II. DISCUSSION

PrimeLending contends that the convenience of witnesses, the location of documentary evidence, the cost of making the necessary proof, the enforceability of a judgment, and the relative congestion of the districts' dockets all weigh in favor of transferring this case to the Northern District of Texas.

As an initial matter, LHBI's choice of forum weighs against transfer. Because LHBI is not a resident of the District of Colorado, however, the choice is entitled to less weight. *See Bailey v. Union Pacific R.R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005) ("Plaintiff's preference for pursuing his action in the District of Colorado is entitled to little weight.  It is neither his home nor the place of the accident.") (collecting cases); *see also* 1A *Federal Procedure, Lawyers Edition* § 1:837 (citing sources).[2]

On the other hand, the Court can easily dispose of PrimeLending's arguments regarding the location of documents, the enforceability of a judgment, and the congestion of the respective courts.  Each party briefly contends that documents relevant to the dispute are found in Texas and Colorado, respectively.  Def.'s Mot. at 6, ¶ 14; Pl.'s Opp. to Def.'s Mot. ("Pl.'s Opp.") [Docket No. 23] at 6.  Moreover, PrimeLending does not contest LBHI's contention that the case will take advantage of electronic discovery and document presentation. Pl.'s Opp. at 6; Def.'s Reply [Docket No. 26]; *see Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) ("Defendant never

---

[2]*Cf. Wood v. Houghton Mifflin Harcourt Publishing Co.*, No. 07-cv-01516-DME-BNB, 2008 WL 2113344, at *2 (D.Colo. May 19, 2008) ("In general, this Court gives the plaintiff's choice of forum substantial weight.  This Court, however, grants less deference to a plaintiff's choice of forum if the plaintiff or the conduct underlying the cause of action has no significant contact with the forum state.") (citations omitted).

attempted to explain, let alone substantiate, why these documents could not be sifted through (at his Florida offices) and the probative ones shipped at relatively minor cost to Oklahoma for trial."). On the present record, the Court finds this factor to be neutral. As for enforceability, PrimeLending offers no basis to conclude that a judgment of this Court would be any less enforceable in Texas. *See* Def.'s Mot. at 7, ¶ 16 (simply noting that the enforcement of a judgment would have to occur in Texas).[3] Finally, the relative docket congestion does not weigh in PrimeLending's favor; rather, that factor is essentially a draw. *See* Def.'s Mot. at 7, ¶ 17; Pl.'s Opp. to Def.'s Mot. ("Pl.'s Opp.") at 7.

Therefore, the disposition of defendant's motion turns on the relative convenience for witnesses.[4] In support of its request for a transfer, PrimeLending avers that "none of the party and fact witnesses whom [it] expects will testify resides in Colorado." Def.'s Mot. at 5, ¶ 13. Rather, they are Texas residents. *Id.* (providing a list of potential witnesses). While that may be true, LBHI avers that its two fact witnesses are employees of its agent's office in Aurora, Colorado and emphasizes that the office is a non-party and is short-staffed. *Id.*; *see* Pl.'s Initial Disclosures, ex. A to Def.'s Reply. Out-of-state depositions of its employees, therefore, would be a major

---

[3] *Cf. Berentsen v. Titan Technology Partners, Ltd.*, No. 08-cv-02415-MSK-KMT, 2009 WL 3162251, at *3 (D. Colo. Sep. 30, 2009) ("There is no suggestion that a judgment rendered in one court would be more or less enforceable. . . .").

[4] PrimeLending also contends that the cost of making its proof weighs in favor of transfer. To the extent that claim is based on document location, it is unpersuasive for the reasons already noted. The Court considers the cost of transporting witnesses to Colorado as part of the overall inconvenience to defendant's witnesses, and by extension to defendant.

4

inconvenience, according to LBHI. *Id.* While PrimeLending points out that Zachary Trumpp, one of the two witnesses identified by LBHI, actually resides in Scotts Bluff, Nebraska, Mr. Trumpp declares that he works from Denver during part of most weeks. Pl.'s Opp., Trumpp Decl. at 3, ¶ 7. Furthermore, he contends that "those responsible for overseeing the servicing of the loans in question, those responsible for investigating PrimeLending's breaches, and those with information relevant to LBHI's damages in this case" are in Colorado. *Id.* at 2-3, ¶ 7.

On the present record, where a transfer of venue would "[m]erely shift[] the inconvenience from one side to the other," *Scheidt*, 956 F.2d at 966, the Court finds that a transfer of venue would not be in the interests of justice.

## III. CONCLUSION

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In the exercise of such discretion, the Court concludes that PrimeLending has failed to establish that the balance of factors tips strongly in favor of transfer. Therefore, it is

**ORDERED** that defendant's motion to transfer venue [Docket No. 12] is DENIED.

DATED December 14, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge